UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


J. GREGORY KINNETT                              CIVIL ACTION

VERSUS                                          NO. 19-10690

HOSPITAL SERVICE DISTRICT                       SECTION: H(3)
NUMBER ONE OF TANGIPAHOA
PARISH ET AL.

## ORDER AND REASONS

Before the Court is Plaintiff J. Gregory Kinnett's Motion for Reconsideration Regarding Defendants' Motion in Limine (Doc. 103). For the following reasons, this Motion is **DENIED**.

## BACKGROUND

Plaintiff, J. Gregory Kinnett, MD, was hired as an orthopedic surgeon by Defendants North Oaks Physician Group, LLC ("North Oaks") and North Oaks Health System ("NOHS") (collectively "Defendants") in April of 2008. Plaintiff's employment agreement provided for a two-year employment term with successive one-year automatic renewals unless either party provided written

1

notice at least 180 days before that term's expiration. In November of 2017, Michelle Sutton ("Sutton"), the then-Chief Executive Officer of NOHS, decided not to renew Plaintiff's contract for the following year. On November 30, 2017, Defendants sent Plaintiff a letter notifying him of their intent to terminate him under the "without cause" provision of his contract, effective May 29, 2018. At the time of Plaintiff's discharge, he was over 70 years old.[1] Plaintiff alleges that his age was the sole reason for his termination and brings claims against Defendants under the Age Discrimination in Employment Act and the Louisiana Age Discrimination in Employment Act.

Now before the Court is Plaintiff's Motion for Reconsideration Regarding Defendants' Motion in Limine.[2] Defendants had moved for the Court to exclude any testimony by or about five physicians who allegedly were hired as replacements for Plaintiff.[3] This Court granted Defendants' request as to Drs. Jeffrey Witty, Ryan Rhodes, and Vince Lands.[4] The Court denied the request as to Drs. Patricke Barousse and Nader Shourbaji.[5] Plaintiff asks the Court to reconsider its ruling with respect to Drs. Witty and Lands. Defendants oppose.

---

[1] There is a conflict in the record as to whether Plaintiff was 71 or 72 at the time of his discharge. *See* Doc. 1 (Plaintiff's Complaint stating that he was 71 in May of 2018); Doc. 52 (Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment stating that Plaintiff was 72 at the time of his termination).
[2] *See* Doc. 103.
[3] *See* Doc. 97-1 at 11–16.
[4] *See* Doc. 102 at 6.
[5] *See id.*

## LEGAL STANDARD

A motion for reconsideration of an interlocutory order is governed by Federal Rule of Civil Procedure 54(b).[6] "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'"[7]

## LAW AND ANALYSIS

Plaintiff argues that evidence of Defendants' hiring of Drs. Witty and Lands is probative of North Oaks' allegedly discriminatory intent and pretextual rationale. According to Plaintiff, such evidence sheds light on North Oaks' self-described three-year plan to hire additional orthopedic surgeons between January of 2017 and 2020. As Plaintiff explains, "A jury could well find that the three-year plan reflected an intention of North Oaks to bring younger surgeons into the orthopedic department which, if true, would be key evidence of age discrimination."[8]

The Court finds this argument unconvincing. First, with respect to Dr. Witty, Defendants interviewed him in November of 2016 and offered him a job the next month. The Court finds that Defendants' employment decision as to

---

[6] FED. R. CIV. P. 54(b) (noting that a district court may revise at any time prior to final judgment "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties"). *See* McClendon v. United States, 892 F.3d 775, 781 (5th Cir. 2018).

[7] Austin v. Kroger Tex., L.P., 864 F.3d 326, 336 (5th Cir. 2017) (quoting Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 185 (5th Cir. 1990)).

[8] Doc. 103-2 at 6.

3

Dr. Witty, made in late 2016, cannot be probative of a hiring plan enacted in 2017 or a termination decision made almost a year later. Indeed, "[f]or the purposes of an ADEA claim, '[s]preading the former duties of a terminated employee among the remaining employees does not constitute replacement.'"[9]

Second, evidence of Defendants' hiring of Dr. Lands suffers from the opposite problem: the relevant employment decisions happened too far after Plaintiff was terminated for Dr. Lands to qualify as a replacement. Dr. Lands was interviewed and offered a job in November and December, respectively, of 2018. Plaintiff would have this Court find that Dr. Lands—hired over a year after Plaintiff was terminated—was brought on as Plaintiff's replacement. The Court disagrees. The gap in time between termination and hiring eliminates whatever probative value the evidence might have had with respect to Defendants' motivation to terminate Plaintiff. Accordingly, the Court denies Plaintiff's Motion to Reconsider.

## CONCLUSION

For the foregoing reasons, Plaintiff J. Gregory Kinnett's Motion for Reconsideration Regarding Defendants' Motion in Limine (Doc. 103) is **DENIED**, and Plaintiff's Ex Parte Motion to Expedite (Doc. 104) is **DENIED AS MOOT**.

---

[9] Cooper v. Cornerstone Chemical Co., No. 20-1454, 2022 WL 19354, at *5 (E.D. La. Jan. 3, 2022) (quoting Lilley v. BTM Corp., 958 F.2d 746, 752 (6th Cir. 1992)).

New Orleans, Louisiana this 13th day of May, 2022

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**